JOHN S. FARLOW *vs.* ABNER ELLIS & another.

If goods, sold on a condition which is not complied with, are delivered without anything being said about the condition, the property does not necessarily pass to the purchaser; but the presumption that such a delivery is absolute, and presumptive evidence of a waiver of the condition, may be controlled and explained; and it is for the jury to determine, on all the evidence, whether the delivery was subject or not to the condition. And the admission of evidence of a custom in conditional sales to deliver the property forthwith without first exacting the conditions, as matter of indulgence in the business community, is no ground of exception.

REPLEVIN of thirty one cases of indigo, claimed by the plaintiff on the ground that he had made sale of them to Eaton, Hill & Candler on conditions which had not been complied with. Answer, that the indigo was not the property of the plaintiff, but of Eaton, Hill & Candler, who had consigned it to the defendants, and that the defendants had a lien thereon for advances.

At the trial in the superior court of Suffolk at January term 1859, before *Nash,* J., the plaintiff's evidence tended to show that, on the 7th of August 1857, a merchandise broker negotiated a sale to Eaton, Hill & Candler of thirty five cases of indigo, the property of the plaintiff, and then in the government warehouse, for " satisfactory paper six months "; that on the next day the plaintiff was informed of the sale, and on the 10th of August called on Eaton, Hill & Candler to arrange the paper, and they requested him to take as much of their paper as he, on making inquiries, should find satisfactory; that on the 12th or 13th of August the plaintiff called on Eaton, Hill & Candler and told them that he would take one third of the amount in the paper of their firm, and they requested him to call in three or four days, and they would have the matter arranged and give him good Boston acceptances; that on the 12th or 13th of August there were sent to Eaton, Hill & Candler a custom-house permit for the thirty five cases, (to the bearer of which it is customary, in the absence of any circumstances of suspicion, to deliver the goods, on payment of the storage accrued,) the weigher's certificate, and a bill of parcels in this form : " Messrs. Eaton, Hill &

Candler bought of J. S. Farlow, Boston, August 8, 1857. [Marks, quantities and prices.] $14,751.55, six months, satisfactory paper;" that there were many subsequent interviews between the plaintiff and Eaton, Hill & Candler; that on the 2d of September Eaton, Hill & Candler removed the indigo from the government warehouse to their shop; that on the 7th of September the plaintiff informed Eaton, Hill & Candler that the paper which they proposed to give him was not satisfactory; that on Saturday the 12th of September, Eaton, Hill & Candler failed; on the 14th the plaintiff demanded a compliance with the terms of the sale, or in default thereof a return of the goods, and on the 16th the goods were demanded and replevied; and that nothing was said between the plaintiff and Eaton, Hill & Candler in reference to the delivery being conditional, or subject to the condition, before the 15th of September.

The plaintiff was allowed, against the objection of the defendants, to introduce evidence to prove a custom or practice of trade, in cases of conditional sales, to deliver the property forthwith, without first exacting the conditions of the sale, as matter of indulgence in the business community.

The defendants asked the court to rule, "that although the jury should be satisfied that there had been a conditional sale of this indigo, yet that a delivery of the property, without anything being said about the condition, as in this case, under the proved and admitted facts, amounted in law to such a delivery as would pass the property to the buyer." But the court, declining so to rule, instructed the jury, "that such a delivery was presumed to be absolute and presumptive evidence of a waiver of the condition; but that this presumption might be controlled and explained; and that it was a question of fact for the jury to determine, on all the evidence, whether the delivery was, or was not, subject to the condition." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. G. Abbott*, for the defendants, cited *Smith* v. *Lynes*, 3 Sandf. 203; *Carleton* v. *Sumner*, 4 Pick. 516; *Smith* v. *Dennie*, 6 Pick. 266; *Bowen* v. *Burk*, 13 Penn. State R. 146; *Leedom* v. *Phillips*, 1 Yeates, 529; *Harris* v. *Smith*, 3 S. & R. 20; *Hennequin*

v. *Sands*, 25 Wend. 640; *Chapman* v. *Lathrop*, 6 Cow. 110; *Furniss* v. *Hone*, 8 Wend. 247; *People* v. *Haynes*, 14 Wend. 546; *Lupin* v. *Marie*, 6 Wend. 77; *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342; *Underhill* v. *Agawam Mutual Fire Ins. Co.* 6 Cush. 440; *Gerrish* v. *Norris*, 9 Cush. 170.

*H. W Paine & C. P. Curtis, Jr.* for the plaintiff.

SHAW, C. J.* It seems originally to have been questioned whether the sale of indigo by the plaintiff to Eaton, Hill & Candler was conditional; but it is now admitted that it was on condition of being paid therefor in satisfactory paper at six months. The question therefore is, whether this was such a delivery, without compliance with the condition, as to make the sale absolute, so as to vest the property in the vendee from the delivery. If there was a waiver of the condition and the prop erty vested absolutely in the vendees, then the plaintiff had no right to recover, whether these defendants had acquired any title from those vendees or not. The sole ground on which the plain- tiff can recover in this suit is, that he never parted with that property which he had in the indigo before the negotiation with Eaton, Hill & Candler.

The transfer of personal property is effected by an executed contract; and this consists of a contract or agreement on the terms of sale, by the parties or their agents, and a delivery, ac- tual or constructive, pursuant to the terms of such agreement. Delivery is essential; without delivery the property does not vest in the vendee so as to enable him to make title to a third party; and until it vests in the vendee it remains in the vendor.

The question then on trial in this case was, whether the plain- tiff had waived the condition of this sale, and manifested by his language or conduct an intention or a willingness to waive the condition and make the sale absolute, without having the satisfac- tory paper. When there is a condition made at the contract of sale favorable to the vendor, and solely for his benefit, he may, if he choose, waive it, and treat the contract as if no such condition had been embraced in it. Waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some

---

* HOAR, J. did not sit in this case.

benefit or advantage, which, but for such waiver, he would have enjoyed. It may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was his intention and purpose to waive. Still, voluntary choice not to claim is of the essence of waiver, and not mere negligence; though from such negligence unexplained such intention may be inferred.

The question of waiver therefore is a question of fact for a jury; it may be proved by various species of proofs and evidence, by declarations, by acts, and by nonfeasance or forbearing to claim or act; but however proved, the question is, Has he willingly given up and forborne to claim the benefit of the condition? In this case it was, Did the plaintiff voluntarily deliver the goods, without intending to rely on the condition?

Let us apply these rules to the present case. Here there was a contract of sale through a broker on the 7th of August 1857. It was on condition of having satisfactory paper, that is, the purchaser's own notes or acceptances, if satisfactory to the seller, otherwise with indorsers or sureties. It was not a general sale on credit. There was not a formal delivery by the seller to the buyer; the delivery was constructive. The first act done by the plaintiff towards a delivery was on the 12th of August, by sending to the purchasers a bill of parcels, specifying the terms of the sale, a custom-house permit, the goods being in a government warehouse, and the weigher's certificate. There was no order of the vendor on the warehouse keeper to deliver the goods to the vendee, which would authorize the warehouse keeper to transfer the indigo from the credit of the plaintiff to that of Eaton, Hill & Candler. Such an order would have constituted a constructive delivery, like the London dock warrant. The most the case finds is a custom to consider the custom-house permit sufficient to authorize the bearer to take the custody of the goods. But it is a mere naked authority, not coupled with an interest, and revocable; so that, until actually executed by taking possession, it did not amount to a delivery. Nor was the

Farlow *v.* Ellis & another.

indigo actually removed from the United States warehouse until the 2d of September. But this sending of the custom-house permit was the only act done by the plaintiff towards a delivery, and was the act by which the purchasers obtained the custody of the indigo; and this permit was accompanied by the bill of parcels, stating the condition to be payment in satisfactory paper. Much other evidence was in the case.

We think the direction of the judge who tried the cause was correct, both in what he declined to rule, and in the instruction actually given. The instruction requested assumes a state of facts which the jury were yet to find from the evidence; and it asks that the jury may find a verdict on part of the evidence, to the exclusion of other material evidence.

In what the judge did instruct, the first part was clearly favorable to the defendants, and what they asked, namely, that a delivery without compliance with the condition was presumed to be absolute, and a waiver of the condition. In the other part, the court are of opinion that the instruction was correct, that this presumption of fact might be controlled, and that it was a question of fact for the jury.

There was proper evidence on both sides to go to the jury, they were rightly directed both as to the burden of proof and as to the law of the case; and the court are therefore of opinion that the exceptions must be overruled.

As to the admission of proof of the custom, it seems to us that it was nothing more than has been proved in many other cases, that by a general understanding among merchants, where merchandise is sold on condition, the goods are actually placed in the custody of the buyer before compliance with the condition, and that such change of custody is not *de facto* a waiver of the condition, and that the property does not thereby pass. Such was the decision in the cases of *Hill* v. *Freeman*, 3 Cush. 257 and *Tyler* v. *Freeman*, 3 Cush. 261.          *Exceptions overruled.*