# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 25, 2008 Session

## ARISTA RECORDS, LLC as the successor to ARISTA RECORDS, INC. v. LOREN L. CHUMLEY, COMMISSIONER OF REVENUE FOR THE STATE OF TENNESSEE

### Appeal from the Chancery Court for Davidson County
### No. 06-1235-IV     Richard H. Dinkins, Chancellor

---

### No. M2007-00834-COA-R9-CV - Filed June 24, 2008

---

This interlocutory appeal arises from Plaintiff/Taxpayer's action against the Commissioner of Revenue under Tennessee Code Annotated § 67-1-1802 for a refund of taxes. The trial court granted Plaintiff's motion to compel documents sought by Plaintiff in response to the Commissioner's motion to dismiss based on the statutory limitations period prescribed in section 67-1-1802. We reverse.

**Tenn. R. App. P. 9 Appeal by Permission; Judgment of the Chancery Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and FRANK G. CLEMENT, JR., J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter and Mary Ellen Knack, Senior Counsel, for the appellant, Loren. L. Chumley, in her capacity as commissioner of Revenue for the State of Tennessee.

Patricia Head Moskal and Joseph W. Gibbs, Nashville, Tennessee and Martin I. Eisenstein, Appearing *Pro Hac Vice*, Lewiston, ME, for the appellee, Arista Records, LLC.

### OPINION

Plaintiff/Taxpayer Arista Records, LLC, ("Arista") is a Delaware company that produces, sells, and distributes musical recordings. Its principal place of business is New York, New York. Following an audit for the tax period January 1, 1996, through December 31, 2001, in early 2003 the Tennessee Department of Revenue ("the Department") assessed sales and use taxes against Arista in the amount of $360,716.00, plus interest. The Department notified Arista of the tax assessed against it by letter dated March 16, 2003. On August 4, 2003, Arista paid the total assessment of $475,039.00 and filed a claim for credit or refund with the Department. By letter dated November 17, 2005, the Department advised Arista that, after reviewing the documentation included with

Arista's claim for refund, it agreed that "some adjustments to the audit were warranted." The Department tentatively approved a refund in the amount of $142,947.63, pending approval by the Attorney General. In its November 17, 2005, letter, however, the Department denied Arista's claim for refund with respect to sales and use taxes assessed on the cost of "dubs" used for advertising and promotional purposes. The Department advised Arista to request an informal conference if it wished to further contest the remaining tax assessment. The Department also included a copy of the adjusted audit papers and adjusted summary schedule calculating the refund amount with its November 2005 correspondence.

Arista requested an informal conference by facsimile correspondence sent to the Department on January 13, 2006. An informal conference was scheduled for June 13, 2006. By letter to Arista's legal counsel dated April 12, 2006, the Department advised Arista that it was in receipt of its letters dated the same day and that it was the Department's understanding that Arista "wish[ed] these letters to serve not only as a rescheduling request for the informal conferences but also as a second Claim for Refund for the portion of the previously filed Claims for Refund that have been denied." The Department advised Arista that additional claims for refund may not be filed where the Department has denied all or part of a previous claim for refund. It further advised Arista that "[n]o additional action [would] be taken by the Department on the amounts in question." Additionally, the Department's April 12 letter stated:

> Your clients may exercise their rights governed in T.C.A. Sec. 67-1-1802 which states that legal action protesting the Department's determination on the original claim may be filed in Chancery Court within 6 months of denial. According to Department records, the deadline for your clients to follow suit is May 17, 2006.
>
> Your clients submitted a written request for an informal conference on January 13, 2006. The request was granted and the conference is currently scheduled for June 13, 2006, almost one month after the deadline to file suit on the issue in question. General procedure calls for the Hearing Office to make no decision on an issue on which a particular taxpayer has taken legal action against the Department. Therefore, you have also requested that the informal conference date be rescheduled for a day prior to May 17, 2006, to allow the Department to issue a decision and your clients to continue to pursue legal action if the conference decision is not in their favor.

The Department further advised Arista that the Hearing Office would be in contact to reschedule the informal conference. An informal taxpayer conference was conducted on April 27, 2006. By letter dated May 10, 2006, the Department advised Arista that the "appropriate tax base of the dubs is . . . the cost price," and that no further adjustment would be made to the tax assessed pursuant to the 2003 audit.

On May 17, 2006, Arista filed a complaint against Loren L. Chumley, in her capacity as Commissioner of the Department of Revenue (hereinafter referred to collectively with "the Department"), in the Chancery Court for Davidson County pursuant Tennessee Code Annotated §

67-1-1802.  In its complaint, Arista alleged the Department had wrongfully denied its claim for refund of sales and use taxes under Tenn. Comp. R. & Regs. 1320-5-1-.113.  It prayed for a refund of the tax assessed and paid, interest, reasonable attorney's fees, and costs.

On June 21, 2006, the Department filed a motion to dismiss for failure to comply with Tennessee Code Annotated § 67-1-1801, *et seq.*  In its motion and supporting memorandum, the Department asserted Arista's suit was untimely filed under section 67-1-1802.  The Department asserted that, under section 67-1-1802(b)(1)(2), Arista's August 2003 claim for refund was deemed denied six months after it was filed where the Department failed to rule on it within the six-month period.  It asserted that Arista's claim for refund was therefore deemed denied by the Department on September 3, 2004.  The Department accordingly asserted that Arista's action in the chancery court was untimely under section 67-1-1802(b) & (c) where it was not filed within six months of the date of presumptive denial as required by the section.  The Department also argued that, under Tennessee Code Annotated § 67-1-1804, the trial court was without jurisdiction to adjudicate Arista's claim where Arista had failed to comply with the procedures established in section 67-1-1801, *et seq.*

The Department's motion to dismiss was set to be heard on August 25, 2006.  By agreed order, the August hearing was postponed in order to allow the Department to respond to Arista's first request for production of documents, which was served on the Department on July 28, 2006.  In its request for production, Arista sought "all documents in the possession, custody, or control of [the Department]," including

> [a]ll files and other documents relating to the Department of Revenue's audit of Plaintiff, including, but not limited to, all audit files, audit reports and work papers, analyses, schedules, correspondence, letters, memoranda, notes, electronic mail messages, summaries, spreadsheets, and other documents relating in any way to the Department of Revenue's audit of Plaintiff.

The Department responded but asserted certain documents were prohibited from disclosure as "tax administration information" under Tennessee Code Annotated § 67-1-1701, *et seq.*  The Department provided a Privilege Log identifying thirty-four documents which it withheld from production and asserted were not subject to disclosure.

On November 21, 2006, Arista moved to compel discovery of the documents withheld from production by the Department.  In its motion, Arista asserted the documents it sought were necessary to the determination of the merits of the Department's motion to dismiss.  It further asserted that the documents pertained to the audit of Arista, the tax assessment, its refund claim, and the informal taxpayer conference.  Arista asserted the documents had been improperly withheld by the Department because they were, at most, "tax information" not protected by disclosure under section 67-1-1701, *et seq.*   In its response to Arista's motion to compel, the Department asserted that the withheld documents constituted tax administration information as defined by section 67-1-1701(7), which is protected from disclosure under section 67-1-1702. The Department further asserted that

the documents sought by Arista were not relevant to the Department's motion to dismiss under Tennessee Code Annotated § 67-1-1802 where, as a matter of law, Arista's claim for refund was deemed denied six months after receipt by the Department where the Department failed to rule on it within that time. The Department asserted,

> plaintiff knows when the refund claim was received by the Department of Revenue, and that is the only relevant inquiry.
>
> If plaintiff was granted a waiver of the statute of limitations, plaintiff should certainly know that and be in possession of any such document granting such a waiver. If plaintiff does not know if it was granted a waiver, it could not possibly have relied on the waiver.

The trial court granted Arista's motion to compel discovery in December 2006, but limited disclosure to Plaintiff and its counsel. The trial court ordered the withheld documents to be filed under seal with the court and stated that they would not become part of the public record.

In January 2007, the Department filed a motion for interlocutory appeal in accordance with Rule 9 of the Tennessee Rules of Appellate Procedure, or, in the alternative, a motion to reconsider, alter or amend under Rule 59.04 of the Tennessee Rules of Civil Procedure. Following a hearing in March 2007, the trial court granted the Department's motion for interlocutory appeal and stayed further proceedings. This Court granted permission to appeal in May 2007, and oral argument was heard on the matter in March 2008. We now reverse the trial court's order granting Arista's motion to compel discovery, and remand for further proceedings in light of this Opinion.

### *Issue Presented*

This Court's order of May 14, 2007, granting permission for interlocutory appeal did not specifically certify an issue for appeal other than providing that the appeal "concerns a discovery dispute between a taxpayer and the Commissioner of Revenue over certain documents which the Commissioner asserts constitute tax administration information and are thus privileged pursuant to Tenn. Code Ann. § 6[7]-1-1702." We granted permission to appeal in light of conflicting rulings among the various parts of the chancery court with respect to whether certain internal Departmental notes, emails and documents constitute tax information as defined by Tennessee Code Annotated § 67-1-1701(8), or tax administration information as defined by Tennessee Code Annotated § 67-1-1701(7).

In light of the procedural posture of this case, however, the issue presented by this appeal, as we perceive it, is whether the trial court erred in granting Arista's motion to compel discovery of documents asserted by Arista to be relevant and necessary to the adjudication of the Department's motion to dismiss based on Tennessee Code Annotated § 67-1-1802.

### *Standard of Review*

Generally, we review a trial court's decision regarding pre-trial discovery matters under an abuse of discretion standard. *Benton v. Snyder*, 825 S. W.2d 409, 416 (Tenn. 1992). The appellate courts will find an abuse of discretion "when the trial court applies an incorrect legal standard or reaches a conclusion that is 'illogical or unreasonable and causes an injustice to the party complaining.'" *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)(quoting *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006)(citing *Howell v.. State*, 185 S.W.3d 319, 337 (Tenn. 2006). However, as we noted recently in *BMG Music v. Chumley*, although pre-trial discovery matters are within the sound of discretion of the trial court, "discretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *BMG Music v. Chumley*, No. M2007-01075-COA-R9-CV, 2008 WL 2165985, at *6 (Tenn. Ct. App. May 16, 2008)(quoting *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)(quoting Martha S. Davis, Standards of Review: Judicial Review of Discretionary Decisionmaking, 2 J.App. Prac. & Process 47, 58 (2000) (citations and internal quotation marks omitted))). An abuse of discretion may be found "when the trial court has gone outside the framework of legal standards or statutory limitations, or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination." *Id.* (quoting *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)(quoting Martha S. Davis, Standards of Review: Judicial Review of Discretionary Decisionmaking, 2 J.App. Prac. & Process 47, 59 (2000)).

### *Analysis*

This case arises from a background and procedural posture identical to that found in *BMG Music v. Chumley*, No. M2007-01075-COA-R9-CV, 2008 WL 2165985 (Tenn. Ct. App. May 16, 2008), and presents an identical issue.[1] Thus, our analysis here is likewise identical. As we stated in *BMG Music*, the provisions of Tennessee Code Annotated § 67-1-1802 as it existed in 2006, when this action was commenced, were unambiguous with respect to the time within which a taxpayer might file an action in chancery court following the filing of a claim for refund with the Department. *BMG Music*, 2008 WL 2165985, at *5. The section provided that the six-month limitations period began to run "[u]pon denial by the commissioner of a claim for refund, or upon the expiration of the six-month period following receipt by the commissioner of the claim, whichever occurs first[.]" *Id.*; Tennessee Code Annotated § 67-1-1802(c)(1)(2006). The code additionally provided that the claim "shall be deemed to be denied for the purpose of filing suit in chancery court" in the absence of an affirmative denial of a refund claim by the Department. *Id.*; Tennessee Code Annotated § 67-1-1802(b)(2)(2006).

---

[1]We note that this interlocutory appeal was granted in light of the interlocutory appeals requested in *BMG Music v. Chumley* and in *Bridgestone/Firestone v. Chumley*, No. M2007-00813-COA-R9-CV, 2008 WL 2415483 (Tenn. Ct. App. June 11, 2008). In all three cases, the dispute in the trial court concerned the extent to which documents withheld from discovery by the Department constituted tax information under Tennessee Code Annotated § 67-1-1701(8), discoverable by the taxpayer pursuant to § 67-1-1703, or confidential tax administration information as defined by § 67-1-1701(7).

In the current case, Arista's claim for refund undisputedly was received by the Department on August 4, 2003. The Department neither granted nor denied the claim prior to February 3, 2004. Accordingly, Arista's claim was deemed denied on February 3, 2004, under section 67-1-1802 as it existed when this lawsuit was commenced in May 2006. Under the section, Arista had six months following February 3, 2004, within which to commence an action in chancery court. As in *BMG Music*, the record in this case is clear and undisputed with respect to the filing of Arista's claim for refund with the Department, the Department's inaction within the six-month period prescribed in section 67-1-1802, and the ultimate filing of Arista's claim in the chancery court in May 2006. As we stated in *BMG Music*, "[w]e cannot fathom how any documents withheld by the Department would be relevant to this determination." *BMG Music*, 2008 WL 2165985, at *5. However, as in *BMG Music*, in light of the entirety of the record in this case, including the Department's November 2005 partial approval and partial denial of Arista's refund claim; the Department's April 2005 letter advising Arista that the deadline for filing an action in chancery court was May 2006; and the April 2006 informal taxpayer conference, we agree with the Department that the determinative issue before the trial court at this juncture is whether the Department waived the applicable statutory limitations period.

As we noted in BMG Music,

"[W]aiver is a voluntary relinquishment by a party of a known right." *Reed v. Washington County Bd. of Educ.*, 756 S.W.2d 250, 255 (Tenn.1988) (citations omitted). It "may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct. . . ." *Id.* (citations omitted). A waiver may be either express or implied. *Id.* Oral or written statements relinquishing known rights or privileges constitute an express waiver. *Grimsley v. Kittrell*, No. M2005-02452-COA-R3-CV, 2006 WL 2846298, at *3 (Tenn. Ct. App. Sept. 29, 2006)(*no perm. app. filed*). Waiver may be implied "when a party's conduct, although perhaps not the party's words, shows the party's conscious choice to give up rights or to forego benefits." *Id.* (citing *Hoefler v. Hoefler*, No. M1998-00966-COA-R3-CV, 2001 WL 327897, at *4 (Tenn. Ct. App. Apr. 5, 2001)). However, it is well-settled that an implied waiver will not be presumed. Rather, the party asserting waiver bears the burden of proving that the party against whom waiver is asserted has, "by a course of acts and conduct, or by so neglecting and failing to act, ... induce[d] a belief that it was [the party's] intention and purpose to waive." *Kentucky Nat'l Ins. Co. v. Gardner*, 6 S.W.3d 493, 499 (Tenn. App .1999)(quoting *Baird v. Fidelity-Phenix Fire Ins. Co.*, 178 Tenn. 653, 162 S.W.2d 384, 389 (1942)(quoting *Farlow v. Ellis*, 81 Mass. 229, 231 (1860))). "In order to establish waiver by conduct, the proof must show some 'absolute action or inaction inconsistent with the claim or right' waived." *Id.* (quoting *Koontz v. Flemming*, 65 S.W.2d 821, 825 (Tenn. App.1933)). A party seeking to establish an implied waiver, or waiver by estoppel, must demonstrate that he "prejudicially changed his position in reliance upon the other party's conduct." *Id.* at 501.

BMG Music, 2008 WL 2165985, at *5.

As in *BMG Music*, in this case the Department asserts that Arista necessarily has in its possession any documentation relevant to the question of whether it prejudicially relied on any conduct of the Department which thereby caused it to file its claim in chancery court beyond the statutory limitations period. We must again agree.

We are not insensitive to the complexity of the issues presented by this litigation. Moreover, we recognize that the question of whether, under Tennessee Code Annotated § 67-1-1701(8), the documents withheld by the Department in this case constitute tax information which must be disclosed to the taxpayer under section 67-1-1703(a) may ultimately need to be determined by the trial court. However, in light of the procedural posture from which this interlocutory appeal arises, it was premature for the trial court to address whether the documents withheld by the Department constitute discoverable tax information under the code where, contrary to Arista's contention otherwise, they are not relevant to the disposition of the Department's motion to dismiss. We accordingly decline to address the issue here, but refer the trial court to our recent opinion in *Bridgestone/Firestone, Inc. v. Chumley*, No. M2007-00813-COA-R9-CV, 2008 WL 2415483 (Tenn. Ct. App. June 11, 2008), for guidance on the issue should it become necessary.

### *Holding*

In light of the foregoing, the trial court's order granting Arista's motion to compel discovery is reversed. This matter is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the Appellee, Arista Records, LLC.

_____
DAVID R. FARMER, JUDGE